FIRST SECURITY BANK OF UTAH,
N.A., Plaintiff and Appellant,

v.

AARIAN DEVELOPMENT CORPORA-
TION, Lewis N. Sylvester, Jr., Thomas
W. Seiler, and Barry L. Cowburn, De-
fendants and Respondents.

No. 19610.

Supreme Court of Utah.

April 6, 1987.

Steven H. Gunn, Ray, Quinney & Nebek-
er, Jeffrey D. Eisenberg, Salt Lake City,
for plaintiff and appellant.

Thomas W. Seiler, Provo, for defendants
and respondents.

HOWE, Justice:

Plaintiff appeals from an order of the
trial court setting aside default judgments
which had been entered against three of
the defendants and discharging those de-
fendants' obligation under the promissory
note sued upon.

On April 16, 1982, defendants Aarian De-
velopment Corporation, Lewis N. Sylvester,
Jr., Thomas W. Seiler, and Barry L. Cow-
burn executed and delivered a promissory
note to plaintiff First Security Bank in the
principal sum of $5,650, bearing interest at
a variable rate. The promissory note was
due on June 15, 1982. Defendants failed to
make payment, and on September 30, 1982,
plaintiff filed a complaint against all of
them in the Third District Court. Aarian
Corporation and Sylvester were served
with process on October 12; Cowburn was
served on October 7; and Seiler was served
on November 22.

On November 19, default judgments
were entered against Aarian and Cowburn
for the amount of the note. Subsequently,
plaintiff and Sylvester entered into a settle-
ment agreement whereby plaintiff agreed
to dismiss its complaint against Sylvester
only, in exchange for payment by him of
$2,100, approximately one-third of the
amount owing on the promissory note.
Plaintiff claims that it orally advised Syl-
vester that it reserved the right to collect
the balance owing from the remaining de-

fendants. On December 23, a notice of dismissal of Sylvester was entered by the court. On December 30, default judgment was entered against Seiler for the balance of the note, $3,543.11.

On April 15, 1983, Aarian, Seiler, and Cowburn filed a motion to discharge the judgments against them or, in the alternative, to set aside the judgments. The trial court granted the motion to set aside the judgments pursuant to Rule 60(b)(6), Utah Rules of Civil Procedure, on the ground that they had been discharged. He also granted judgment on the merits of the complaint in favor of Aarian, Seiler, and Cowburn on the ground that plaintiff's settlement with Sylvester discharged their debt under U.C.A., 1953, § 70A-3-606(1)(a), which provides in part:

> (1) The holder discharges any party to the instrument to the extent that without such party's consent the holder (a) without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse....

■ Utah Rule of Civil Procedure 60(b) provides the means by and grounds on which a party may obtain relief from a judgment or order. Subsection (6) provides that a court may relieve a party from a final "judgment that has been satisfied, released, or discharged ... or it is no longer equitable that the judgment should have prospective application." Defendants contend that the default judgments were properly set aside pursuant to Rule 60(b)(6) since they had been satisfied, released, and discharged. They base their argument upon the fact that when Sylvester paid his $2,100 after a default judgment had been rendered against Aarian and Cowburn, plaintiff failed to expressly reserve the right of recourse against the other defendants as required by section 70A-3-606(1)(a). A threshold question is whether Seiler could avail himself of Rule 60(b)(6). The Rule usually, if not always, is available

when the events relied upon for relief occur subsequent to the judgment. Here, Seiler relied upon the release of Sylvester which occurred a short time before entry of the default judgment against Seiler. Thus, the trial court erred in granting the motion to set aside the judgment with respect to Seiler.[1]

■ The more difficult issue is whether the failure to reserve rights under section 70A-3-606(1)(a) can be used to set aside the judgments against Aarian and Cowburn under Rule 60(b)(6) or if the failure can be utilized only as an affirmative defense to the obligation on the note. It is evident that the discharge of a judgment and the release or discharge of an obligation are quite different. Thus, we look to the express language of the statute to determine its applicability. Section 70A-3-606(1)(a) provides in part that "the holder discharges any party to the *instrument*...." (Emphasis added.) "Instrument," according to U.C.A., 1953, § 70A-3-102(1)(e), "means negotiable instrument." Forms of negotiable instruments defined in U.C.A., 1953, § 70A-3-104 include drafts, checks, certificates of deposit, and notes. Judgments do not fall within the definition of a negotiable instrument; thus, we cannot accept the argument that section 70A-3-606(1)(a) applies to judgments.

Furthermore, a leading treatise on civil procedure, *Moore's Federal Practice,* presents the view that Federal Rule 60(b)(5), which is identical to Utah Rule 60(b)(6), applies only where the judgment has been satisfied, released, or discharged and not to questions relating to the merits of the underlying claim.

The first ground listed under clause (5) of Rule 60(b) as a basis for relief is that "the judgment has been satisfied, released, or discharged."

. . . .

This provision in Rule 60(b) is authority for a motion to secure judicial adjudi-

---

1. Although defendants' motion was also brought pursuant to Utah Rule of Civil Procedure 60(b)(2) (newly discovered evidence), more than three months had passed between entry of judg-ment and the filing of defendants' motion. Hence, the motion on that ground was not timely made.

cation of the fact of compliance with the judgment of the court or, alternatively, that certain circumstances have occurred which make such compliance unnecessary.

7 *Moore's Federal Practice,* ¶ 60.26(2), at 243–44.

The case of *Willits. v. Yellow Cab Co.,* 214 F.2d 612 (7th Cir.1954), illustrates the distinction between a release of an obligation, which is a defense to the merits and, as such, must be raised in a timely fashion, and the discharge or release of a judgment, which may serve as the basis for setting aside the judgment under Rule 60(b)(6). In that case, defendant attempted to have an adverse judgment set aside by motion on the ground that joint tort-feasors had been released prior to trial. The court held that failure to raise this defense during trial constituted a waiver thereof and denied relief under Federal Rule 60(b)(5). The judgment debtors were too late in asserting this defense and relief was not proper under any other provision of Rule 60(b).

In the instant case, the motion to set aside the judgments lacked merit because of the non-applicability of section 70A–3–606(1)(a) to judgments. Therefore, since the judgments have not been satisfied, discharged, or released within the meaning of those terms as found in Utah Rule of Civil Procedure 60(b)(6), they remain valid.

The order of the trial court setting aside the default judgments and discharging the obligation of the judgment debtors under the promissory note is reversed, and the case is remanded to the trial court for reinstatement of the default judgments.

HALL, C.J., STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.